# Spatz's Estate.

*Trusts—Trustees—Neglect and mismanagement—Surcharge.*

At the audit of the account of a testamentary trustee, as stated by his administrator, it appeared that decedent held a fund of $20,000 in trust for the benefit of a minor and others; that the guardian of such minor had previously petitioned the Orphans' Court for the removal of decedent as trustee, alleging that he was insolvent and wasting the estate. By agreement of the parties the trustee filed a bond for the protection of the estate, and the proceeding was discontinued. The bond recited an agreement on the part of the trustee that the full amount of $20,000 should be secured intact. The accountant charged himself with securities having a face value of $20,174.18. Exceptions to the account were filed by the substituted trustee, and the accountant converted a portion of the securities into cash, and paid $10,728.27 to the substituted trustee. The substituted trustee refused to accept the remaining securities in satisfaction of the balance of the $20,000. There was no evidence of the value of a number of the securities, and it was impossible to say what they were worth. The auditing judge found that decedent had neglected and mismanaged the estate, and impaired its value, and ordered the administrator to pay the balance in cash to the substituted trustee. *Held,* no error.

Argued March 2, 1914. Appeal, No. 220, Jan. T., 1913, by Warren H. Fenstermacher, Administrator of Isaac S. Spatz, Deceased, who was Trustee of Emma S. Mohn under the Will of John H. Spatz, Deceased, from decree of O. C. Berks Co., March T., 1912, No. 37, dismissing exceptions to adjudication in Estate of John H. Spatz, Deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Exceptions to adjudication. Before BLAND, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Warren H. Fenstermacher, administrator, appealed.

*Error assigned* was in dismissing the exceptions.

*Joseph R. Dickinson,* with him *W. Kerper Stevens,* for appellant.

*Stephen M. Meredith,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 18, 1914:

This is an appeal by the administrator of Isaac S. Spatz, deceased, who was trustee of Emma S. Mohn, under the will of John H. Spatz, deceased, from the decree of the Orphans' Court of Berks County. The appeal is from the dismissal of exceptions to the adjudication of the account.

By his will, John H. Spatz, who died in 1898, gave to his executor, Isaac S. Spatz, the sum of $20,000 to be held in trust and invested for the benefit of testator's daughter, Emma S. Mohn, during her life, with remainder to her children. In 1906 the Reading Trust Company, guardian of Luella F. Mohn, a daughter of Emma S. Mohn, presented a petition to the Orphans' Court, alleging that the trustee was wasting and mismanaging the trust estate, and that he was insolvent, and praying for his removal. As the result of an arrangement between the parties, the trustee filed for the protection of the trust estate, a bond in the penal sum of $40,000 and the proceeding for his removal was discontinued. In the bond an agreement was recited upon the part of the trustee, that the full amount of $20,000 of trust funds should be secured intact.

In 1911 Isaac S. Spatz died, and letters of administration on his estate were granted to Warren H. Fenstermacher, who filed the account of the decedent, as trustee under the will of John H. Spatz, deceased. The accountant charged himself with certain securities having a face value of $20,174.18. Exceptions were filed to the account by the Reading Trust Company, which had been appointed trustee to succeed Isaac S. Spatz, deceased, and while these exceptions were pending, the accountant converted a portion of the securities into cash, and paid

over to the substituted trustee, the sum of $10,728.27, leaving a balance due on the principal of the trust fund of $9,271.73. The substituted trustee refused to accept from the accountant the remaining securities in his hands, and demanded that the balance should be paid in cash.

The auditing judge in his adjudication found that the deceased trustee, had neglected and mismanaged the trust estate, and had impaired its value; that he kept no intelligent or accurate account; that there was no evidence of the value of a number of the securities set forth in the account, and that it was impossible to say what they were worth; in conclusion the auditing judge ordered the accountant to pay the balance as shown above, to the substituted trustee.

When the substituted trustee refused to accept the securities, appellant might have disposed of them and paid over the proceeds. If as he claims, they were good, then no loss would have been incurred. If they were not, then the question whether the former trustee was chargeable for any loss resulting from the investment in the securities in question, could have been raised and determined. As the accountant did not, however, see fit to pursue this obviously reasonable course, we do not see that he can fairly complain of being charged with them at their face value. As has already been stated, while Isaac S. Spatz was living, the guardian of the minor who was entitled to the remainder of the trust estate, filed a petition alleging mismanagement of the trust estate, and insolvency of the trustee and prayed for his dismissal. It was then that the trustee offered in court, to give a bond with security approved by the court "to secure to the cestui que trust, intact, the full amount of the trust fund of $20,000," and the due execution of the trust in accordance with the will and with law. The offer was accepted, the bond was given, and was approved by the court, and the proceeding for the discharge of the trustee was discontinued. The bond was given as an induce-

ment for the withdrawal of the proceeding for the removal of the trustee. Full effect must therefore be given to the intention of the parties in giving and accepting the bond. That intention was to secure the payment of the full amount of the trust fund of $20,000. The sum of $10,728.27 has been paid, leaving a balance of $9,-271.73, which as the auditing judge has found, is properly due. Under these circumstances it was not necessary for the court below to consider whether the securities were proper investments or not. That question might have arisen in the proceeding for the dismissal of the trustee, but he did not at that time see fit to justify the investments which he had made, and he settled the question of his liability in that respect, by agreeing to give security for the payment of the full amount of the funds in his hands, belonging to the trust estate. The court below therefore very properly dismissed the exception which was filed to the award of $9,271.73, which is the balance due to the estate.

In this view of the case, many of the questions raised by the assignments of error become unimportant, and it is not therefore necessary to consider them in detail. Counsel for appellant argue at considerable length that the securities in question are good. The testimony does not satisfy us that the margin of security as to a number of the properties is sufficient to justify a prudent trustee in accepting the securities as a desirable investment. At any rate, the quality of the securities can be readily tested. If the amount invested in them can be realized, either by collection, or sale of the securities, the result will be satisfactory to all concerned. If it cannot be realized, the responsibility is not properly to be placed upon the new trustee. It is a matter to be settled in connection with the accounts of the deceased trustee. The bond which he gave was not conditioned for the production of undesirable securities, but it was given to secure the payment of the trust fund intact. This, of course, means payment in cash.

Two of the assignments of error relate to the refusal of the court below, to allow the accountant credit for the cost of filing the account, and for a reasonable counsel fee for services rendered in preparing the account, and at the audit. We do not see why such an allowance should not be made at the proper time and place. But this account, for some reason deals only with the principal sum of the trust estate. No accounting for the income is here shown. It may be that the court below intended that an allowance for expenses should be made when the accounting for the income is filed. That is a matter which will no doubt be properly adjusted by the court below.

The assignments of error are overruled. This appeal is dismissed at the cost of appellant, and the decree of the Orphans' Court is affirmed.